**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-27898-LEIBOWITZ**

**WILMANI MARTINEZ PEGUERO**,

*Petitioner,*

*v.*

**WARDEN, KROME NORTH SERVICE PROCESSING CENTER,** ***et al.***.,

*Respondents.*
_________________________________/

**ORDER IN HABEAS CASES**

**THIS CAUSE** comes before the Court on *pro se* Petitioner Wilmani Martinez Peguero's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). [ECF No. 1]. Petitioner challenges his immigration detention at the Krome North Service Processing Center in Miami, Florida, and seeks immediate release from custody under reasonable conditions of supervision. [*See* ECF No. 1 ¶¶ 35, 39(a)].

It is well-settled that a court has jurisdiction to consider a habeas corpus petition only if the court has jurisdiction over the proper respondent to the petition. *See Campbell v. Wolf*, No. 20-cv-20768, 2020 WL 2109933, at *1 (S.D. Fla. Feb. 26, 2020) (Williams, J.) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over the petitioner." *Id.* (cleaned up). That is, the proper respondent is the "immediate custodian" of the prisoner with the ability to produce the prisoner's body before the habeas court. *Id.* "A district court acts within its respective jurisdiction within the meaning of § 2241 as long as the custodian can be reached by service of process." *Id.* (alteration adopted) (quoting *Rasul v. Bush*, 542 U.S. 466, 478–79 (2004)).

There are several named Respondents in this case. Petitioner alleges that he is being detained at the Krome North Service Processing Center ("Krome") in Miami, Florida where the Warden of Krome would have "immediate physical custody" of him. [ECF No. 1]. Because Krome is located within the Southern District of Florida, Respondent Warden is amenable to service of process. Accordingly, the Court has jurisdiction over the Petition and the Warden of the Miami Federal Detention Center is a proper Respondent.

However, Respondents such as U.S. ICE and its Acting Director, David Venturella, U.S. DHS and its Secretary Markwayne Mullin, U.S. Attorney General Todd Blanche, Acting Executive Associate Director for Enforcement Operations, Marcos Charles, and Miami Field Office Director Garrett Ripa are not the "immediate custodian" of Petitioner. Unlike the Warden, these other Respondents are solely supervisory officials. Therefore, they must be dismissed from the case. *See Campbell*, 2020 WL 2109933, at *1; *see also Jarrett v. U.S. Att'y Gen.*, No. 23-20790-CIV, 2024 WL 4165273, at *1 n.1 (S.D. Fla. Feb. 7, 2024) (Singhal, J.) ("In cases involving present physical confinement, the Supreme Court reaffirmed . . . that 'the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.'" (quoting *Rumsfeld*, 542 U.S. at 439)).

Turning to the merits of the Petition, the Court is inclined to grant Petitioner's request for a bond hearing, pursuant to 8 U.S.C. § 1226(a), on an expedited basis. Construed liberally, Petitioner seeks an individualized bond hearing. [ECF No. 1]. "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* The Court cannot say from the face of the Petition that Petitioner is not entitled to

relief.

Upon due consideration, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Any removal proceedings to which Petitioner is now or may be subjected shall be **ADMINISTRATIVELY STAYED** pending the resolution of the Petition. Respondent **SHALL NOT** transfer or remove Petitioner outside of the geographical boundaries of the Southern District of Florida during the pendency of these proceedings or until further Order of this Court.
2. Respondent shall **SHOW CAUSE** in writing justifying Petitioner's detention and shall produce a copy of the full record of Petitioner's arrest, detention, removal proceedings (including any orders of the administrative law judge already issued), and any other documents necessary for the resolution of the Petition, **no later than November 16, 2026**. Petitioner may, but is not required to, file a reply **no later than November 19, 2026**.
3. Respondents DHS ICE and Garrett Ripe are DISMISSED from this action.

**DONE AND ORDERED** in the Southern District of Florida, on November 12, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Wilmani Martinez Peguero, *pro se*
A# 088848761
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194